The Honorable W. W. (Bill) Gratz State Representative, District 113 Missouri House of Representatives State Capitol Building Jefferson City, MO 65101
Dear Representative Gratz:
You had submitted a request for an opinion from this office regarding the relationship between a city attorney on the one hand and the city council, city commissioners and department directors on the other hand. You ask the following questions:
 1. Must members of a city council make an effort to be made aware of opinions issued by a city attorney to members of the city council, city commissioners or department directors?
 2. Does a member of a city council have a right to receive copies of all written opinions issued by the city attorney?
 3. If a city council or an individual council member refuses to be informed of the city attorney's opinion, does the city have an obligation to inform its insurance carrier?
The questions you have posed are not limited to a particular classification of city. Moreover, you do not limit the topics for which the city attorney has been asked. Accordingly, it is difficult to respond with precision to the questions. We will treat your request regarding a city council to apply to a council, board of aldermen, or board of trustees. References herein to the "council" apply equally to a board of aldermen or board of trustees.
The city council has the legislative responsibility for governing the city, while a mayor or city manager has the day to day responsibilities. Section 77.260, RSMo 1994; Section 78.060, RSMo 1994; Section 79.110, RSMo 1994; and Section 80.090, RSMo 1994. The authority of a constitutional charter city council is generally set forth in the charter for that city.
Members of a city council would be well advised to make themselves aware of the advice rendered by its attorney when given to the council. Whether the attorney is employed by the city full time or whether the attorney and city have a contractual arrangement, the city taxpayers are bearing the cost for the attorney providing legal advice. Although we can find no statute that mandates that a council member actually seek and receive copies of opinions written by the city attorney, it is for the purpose of providing such legal services that an attorney is hired or retained.
As stated above, the city council has the general authority of the care, management and control of the city. As such an individual member has a right to receive a copy of any legal opinion issued by the city attorney to the council, assuming the council member is seeking the copy as part of the duties of the council member. See Opinion No. 235-2000, a copy of which is enclosed, in which this office concluded that a city council member has the right to review the personnel records of a city employee if they are sought as part of the council member's responsibilities as a council member. However, this office is also aware that some city charters limit the authority of council members regarding day to day operations of city departments. For instance Article III, Section 3.5 of the charter for Jefferson City provides:
 No member of the council shall interfere directly with the conduct of any department or duties of employees subordinate to the city administrator except at the express direction of the council. Except for the purpose of inquiry and transmittal of citizen complaints, council members shall deal with the administrative service solely through the city administrator, and no council member shall give orders to any subordinates of the city administrator, either publicly or privately.
Accordingly, there may be limitations placed upon the authority of members of the council by charter or ordinance.
This question also raises issues regarding the ethical responsibility of a city attorney when providing advice to a city employee. The relationship of an attorney to an organization, its management and its employees, whether it is a governmental organization or private one, is governed by the disciplinary rules of the Missouri Bar. Therefore, to the extent that your questions deal with that relationship, the attorneys involved may wish to address those questions to the Chief Disciplinary Counsel of the Missouri Bar.
It is impossible for this office to definitively answer whether the city has an obligation to inform its insurance carrier when a council member affirmatively refuses to receive or be informed of the opinion of the city attorney. The duties of the insured and its carrier may be spelled out in the contract between the city and the insurance carrier. The opinion of the city attorney may not deal with a matter covered by the insurance contract. There may be other considerations of which this office is unaware that would affect the answer to this question.
 CONCLUSION
Members of a city council, board of aldermen, or board of trustees have a right to receive copies of written opinions issued to the council or board by the city attorney and should make an effort to obtain copies of such opinions in order to fulfill the obligations of the city council or board. We are unable to answer the remaining portions of your inquiry for the reasons stated herein.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure
SHERIFF: An individual who resigns as sheriff is not SPECIAL ELECTION: disqualified from running for that office because of that resignation. A county commission that has appointed an interim sheriff in accordance with Section57.080, RSMo, is without authority to reinstate that individual who resigned as sheriff to complete the term of office.